In the Matter of NICHOLAS L. CASTELLANO, an Attorney.— On September 3, 1974, the respondent was convicted, on his plea of guilty, in the United States District Court, Eastern District of New York, of 15 specifications of contempt pursuant to section 401 of title 18 of the United States Code and subdivision (b) of rule 42 of the Federal Rules of Criminal Procedure (U. S. Code, tit. 28, Appendix) and fined $500. Thereafter, the Judges of the District Court referred the matter to this court for any action it deemed appropriate in the premises. On October 9, 1974, the respondent was interviewed by two Justices of this court. At that interview he requested that the institution of formal proceedings against him be dispensed with and that this court make any disposition of the complaint against him which is deemed appropriate on the basis of the record in the District Court. That request was confirmed by his letter to this court dated October 10, 1974. The request is granted. The contempt citation arose out of the respondent's representation of several defendants during the trial on the indictment in *United States* v. *Vario*, which took place in the spring of 1974. The specifications charge generally that on numerous occasions during the trial the respondent made insulting and disrespectful remarks to the court and interjected improper and sarcastic comments during the proceedings. The following examples will suffice to illustrate his behavior: During the direct examination of a witness by the prosecutor, the respondent asked the court, within the hearing of the jury, " Are you permitting the nonsense that is going on in this courtroom? " The respondent interrupted the prosecutor's examination of a witness to declare that the proceedings were a " farce ". During his cross-examination of a witness, the respondent gratuitously informed the jury of an item of information relative to the trial which had appeared in a newspaper. During the cross-examination of a prosecution witness with a criminal record, the respondent characterized the witness as " the scum of the earth ", said that the prosecutor was " as bad as he is " and concluded his examination by saying, " I think I have to throw up ". During the cross-examination by an attorney for a codefendant of an expert witness testifying as to the probabilities of picking the winners of harness races, the respondent interrupted the proceedings by suggesting that each member of the jury be given $100 by the Government and taken to racetracks. While the court was conducting a sidebar conference with other attorneys participating in the trial, the respondent approached the jury box and held private conversations with the foreman and another member of the jury. We find that the acts committed by the respondent were grossly disrespectful to the court and a violation of accepted and proper courtroom decorum. Such conduct is intolerable, for it destroys confidence in the fairness of judicial rulings and judgments and perverts the trial procedure as a serious search for truth. In view of counsel's long service at the bar and the fact that he has already been convicted and fined in the United States District Court, we deem the appropriate and adequate measure of discipline to be a public censure. Accordingly, the respondent is hereby censured for his misconduct. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.